UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bernard Belair,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MGA Entertainment, Inc. and<br><br>Mattel, Inc.,<br><br>　　　　Defendants. | Case No. 09-CIV-8870 (SAS)<br>ECF Case<br><br><br>JURY TRIAL DEMANDED<br><br> |

## AMENDED COMPLAINT

Pursuant to newly amended Rule 15, Fed. R. Civ. P., plaintiff Bernard Belair ("Bernard Belair") by his attorneys, Dickstein Shapiro LLP, for his amended complaint against defendants MGA Entertainment, Inc. ("MGA") and Mattel, Inc. ("Mattel"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for injunctive relief, statutory and other damages, costs and attorneys' fees arising from violations of the Copyright Act, 17 U.S.C. § 101 *et seq.* by defendants MGA and Mattel.

### THE PARTIES

2. Bernard Belair is an individual residing in Brooklyn, New York. Bernard Belair is a well known artist and photographer whose work has been used by Steve Madden LTD. ("Steve Madden") for shoe advertisements and displayed throughout the United States in magazines, on billboards and in advertisements on public transportation.

3. On information and belief, defendant MGA is a California corporation that

maintains its principal executive offices at 16300 Roscoe Blvd., Suite 150, Van Nuys, California 91406. On information and belief, MGA is registered with the New York State Department Of State, Division Of Corporations, to do business in New York. On information and belief, MGA manufactures children's toys, including a line of dolls known as Bratz dolls.

4. On information and belief, defendant Mattel is a Delaware corporation that maintains its principal executive offices at 333 Continental Boulevard, El Segundo, California 90245. On information and belief, Mattel is registered with the New York State Department Of State, Division Of Corporations, to do business in New York, and has designated CT Corporation System, 111 Eighth Ave., New York, New York 10011 as its agent for service of process.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

7. This Court has personal jurisdiction over MGA because MGA is registered with the New York State Department Of State, Division Of Corporations, to do business in New York, and because on information and belief MGA transacts business in New York State and has distributed infringing goods within New York State.

8. This Court has personal jurisdiction over Mattel because Mattel is registered with the New York State Department Of State, Division Of Corporations, to do business in New York, and has designated CT Corporation System, 111 Eighth Ave., New York, New York 10011 as its agent for service of process, and because on information and belief, Mattel does business in New York State and has continuous and systematic contacts with New York State.

## FACTS

9. Bernard Belair is an artist and photographer. In the late 1990's, Mr. Belair created a series of images to be used in advertisements for Steve Madden shoes (the "Belair images"). The figures in the Belair images have large heads, large oval eyes, small bodies and large feet. The theme of the Belair images in the Steve Madden advertisements show figures as trendy or fashionable young women with a sassy attitude.

10. Bernard Belair is the owner of all rights, title and interest in and to the Belair images, and has maintained ownership in those rights since creating the images.

11. Bernard Belair received Certificates of Registration from the U.S. Copyright Office for 16 figures from the Belair images, copies of which are attached as Exhibit A (VA 1-146-747, VA 1-146-748, VA 1-146-749, VA 1-146-750, VA 1-146-751, VA 1-146-752, VA 1-146-753, VA 1-146-754, VA 1-146-755, VA 1-146-756, VA 1-146-757, VA 1-146-758, VA 1-146-759, VA 1-146-760, VA 1-146-761, VAu 552-142).

12. Bernard Belair licensed the Belair images to Steve Madden for use in advertisements for Steve Madden shoes for a limited period of time. The advertisements with the Belair images were prominently displayed in nationwide magazines including Seventeen®, Cosmogirl®, TeenPeople®, on billboards, on New York City subway platforms, in New York City subways, on New York City bus shelters and on construction enclosures in New York City. A copy of an advertisement for Steve Madden shoes from the August 1999 issue of Seventeen® Magazine showing a representative sample of the Belair images is attached as Exhibit B.

13. Upon information and belief, Carter Bryant, an employee of, or person otherwise affiliated with, MGA and Mattel, at some time after seeing the Belair images in a Steve Madden shoe advertisement, created sketches (the "Carter Bryant sketches") that were the basis for a line of dolls and toys called Bratz that have been manufactured, sold and marketed by MGA. A copy

of a representative sample of the Carter Bryant sketches is attached as Exhibit C, which includes sketches of dolls and "sculpt drawings" from which "sculpts", or molds, of Bratz dolls were made.

14. Upon information and belief, during a litigation between Mattel, Inc and MGA in the United States District Court for the Central District of California, Case No. CV 04-09049 SGL (RNBx) (the "Mattel v. MGA litigation"), Carter Bryant testified that the Carter Bryant sketches were inspired by Steve Madden shoe advertisements which he saw in Seventeen® Magazine. Upon information and belief, there was additional testimony in the Mattel v. MGA litigation that the Bratz sculpts were inspired by a Steve Madden shoe advertisement given to the sculptor by Carter Bryant.

15. Bernard Belair first learned of Carter Bryant's copying in 2008 when it was reported in the press that Carter Bryant testified he was inspired by Steve Madden shoe advertisements he saw in Seventeen® Magazine.

16. Upon information and belief, Carter Bryant created the Carter Bryant sketches while he was an employee of Mattel and later delivered the Carter Bryant sketches to defendant MGA.

17. Upon information and belief, Carter Bryant admitted during the Mattel v. MGA litigation that he intended his sketches to serve as guides for the creation of the Bratz line of dolls.

18. Upon information and belief, MGA has admitted in applications for United States copyrights for the Bratz line of dolls that the dolls were derived from the Carter Bryant sketches.

19. The Court in the Mattel v. MGA litigation made a finding that "hundreds" of MGA's Bratz dolls were copied, or derived, from the Carter Bryant sketches and related sculpts created by Carter Bryant either alone or with others while Carter Bryant was employed by Mattel.

DOCSNY-392051v01

20. Upon information and belief, in the Mattel v. MGA litigation, MGA admitted that the first Bratz dolls are based on the Carter Bryant sketches. Upon information and belief, in the Mattel v. MGA litigation, MGA also admitted that the Carter Bryant sketches were based on a Steve Madden shoe advertisement appearing in Seventeen Magazine.

21. In the Mattel v. MGA litigation, Mattel was awarded a permanent injunction against MGA prohibiting it from selling all Bratz related products and assets. The Court appointed a receiver to take exclusive control over the Bratz brand and any profits derived from the Bratz brand, and to place them in a constructive trust for the benefit of Mattel until all the Bratz related assets can be transferred from MGA to Mattel. On information and belief, the transfer of the Bratz assets from MGA to Mattel must be complete by February 2010.

22. The Carter Bryant sketches and sculpts, and Bratz dolls, are substantially similar to the Belair images. The Belair images, the Carter Bryant sketches and Bratz dolls contain a number of nearly identical features and feature manipulations that occur in virtually the same locations as well as numerous other similarities regarding character, fashion styling and posture.

23. The major anatomical features of the Carter Bryant sketches and Bratz dolls are substantially similar to the Belair images, including significant resemblances in their overall proportions. The Belair images have a disproportionally large head, a small torso, long legs and very large feet, and when compared to the Carter Bryant sketches and the Bratz dolls, these proportions are substantially similar. The overall head shape of the Carter Bryant sketches and Bratz dolls is substantially similar to the Belair images. The Carter Bryant sketches and Bratz dolls have styling that is substantially similar to the Belair images with respect to clothing and accessories that portray a young, fashionable look.

24. Upon information and belief, MGA has sold millions of Bratz dolls and related toys, games and videos throughout the United States.

25. MGA never sought or obtained permission from Bernard Belair to copy,

reproduce, create derivative works from, or distribute his copyrighted Belair images.

26. Mattel never sought or obtained permission from Bernard Belair to copy, reproduce or create derivative works from his copyrighted Belair images.

27. Bernard Belair has never assigned, licensed or otherwise transferred his copyright in the Belair images to MGA or Mattel nor has he dedicated them to the public. Mr. Belair continues to be the owner of all right, title and interest in the Belair images.

28. MGA has infringed Bernard Belair's copyrighted Belair images by making and selling Bratz dolls and other Bratz toys, games and videos, which are substantially similar to the Belair images, and by making and selling derivative works based on the Belair images. MGA continues to infringe the copyright in the Belair images by continuing to make and sell Bratz dolls and other Bratz toys, games and videos, and by making and selling derivative works based on the Belair images. Images of some of the infringing Bratz dolls and packaging and/or marketing materials are attached as Exhibit D.

29. Mattel has infringed Bernard Belair's copyrights in the Belair images by its employees creating copies or derivative works of the Belair images in the form of sketches and sculpts while employed by Mattel, and on information and believe these Mattel employees concealed the fact that this work was done while employed by Mattel. Mattel never sought a license from Mr. Belair for its employees to create such works.

30. Mattel was unjustly enriched as a result of the Mattel v. MGA litigation when the Court awarded Mattel damages for MGA's Bratz line of dolls, toys, games and videos which the Court held were based on sketches and sculpts created by Carter Bryant and possibly other Mattel employees while employed by Mattel, and awarded Mattel an injunction against further sales of the Bratz line. These sketches and sculpts are unauthorized copies, or unauthorized derivative works, of the Belair images.

## CAUSE OF ACTION

### (Copyright Infringement Against MGA)

31. Bernard Belair repeats and realleges the allegations contained in paragraphs 1 through 30.

32. The Belair images are original works of authorship and copyrightable under the laws of the United States, and have been published in conformity with the Copyright Act and all laws governing copyrights.

33. Mr. Belair has never assigned, licensed or otherwise transferred the copyrights in his Belair images to any of the defendants or dedicated them to the public.

34. By its actions alleged above, MGA has infringed and will continue to infringe Bernard Belair's copyrighted Belair images by copying the Belair images to create the Bratz line of dolls, toys, games and videos based on the Belair images, by creating derivative works of the Belair images in the Bratz line of dolls, toys, games and videos and by distributing and selling the Bratz line of dolls, toys, games and videos all without the permission of Bernard Belair.

35. MGA's acts of infringement alleged herein have been willful, in disregard for, and with indifference to Bernard Belair's rights.

36. Bernard Belair is entitled to an injunction restraining MGA, its agents and employees, and all persons acting in concert or participation with them, from engaging in any further such acts in violation of the Copyright Act.

37. As a direct and proximate result of MGA's acts of infringement alleged above, Bernard Belair has been injured and is entitled to actual damages suffered by him, and profits derived by MGA as a result of its acts of infringement pursuant to 17 U.S.C. §504(b).

38. Alternatively, as a direct and proximate result of MGA's acts of infringement alleged above, Bernard Belair has been injured and is entitled to the maximum statutory damages

from MGA pursuant to 17 U.S.C. § 504(c).

39. Bernard Belair is further entitled to his costs in pursuing this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## CAUSE OF ACTION

### (Copyright Infringement Against Mattel)

40. Bernard Belair repeats and realleges the allegations contained in paragraphs 1 through 30.

41. The Belair images are original works of authorship and copyrightable under the laws of the United States, and have been published in conformity with the Copyright Act and all laws governing copyrights.

42. Bernard Belair has never assigned, licensed or otherwise transferred his copyrights in the Belair images to any of the defendants or dedicated them to the public.

43. By its actions alleged above, Mattel has infringed Bernard Belair's copyrighted Belair images when its employees made copies, or derivative works, of the Belair images without the permission of Bernard Belair.

44. Mattel's acts of infringement alleged herein have been willful, in disregard for, and with indifference to plaintiff Bernard Belair's rights.

45. Bernard Belair is entitled to an injunction restraining Mattel, its agents and employees, and all persons acting in concert or participation with them, from engaging in any further such acts in violation of the Copyright Act.

46. As a direct and proximate result of Mattel's acts of infringement alleged above, plaintiff Bernard Belair has been injured and is entitled to actual damages suffered by him and profits derived by Mattel as a result of its acts of infringement pursuant to 17 U.S.C. §504(b).

47. Alternatively, as a direct and proximate result of Mattel's acts of infringement

alleged above, Bernard Belair has been injured and is entitled to the maximum statutory damages from Mattel pursuant to 17 U.S.C. §504(c).

48. Bernard Belair is further entitled to his costs in pursuing this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

## CAUSE OF ACTION

### (Unjust Enrichment Against Mattel)

49. Bernard Belair repeats and realleges the allegations contained in paragraphs 1 through 30.

50. The Belair images are original works of authorship and copyrightable under the laws of the United States, and have been published in conformity with the Copyright Act and all laws governing copyrights.

51. Bernard Belair has never assigned, licensed or otherwise transferred his copyrights in the Belair images to any of the defendants or dedicated them to the public.

52. Mattel was unjustly enriched to Belair's detriment when the court in the MGA v. Mattel litigation awarded Mattel damages and an injunction for MGA's copying of sketches and sculpts allegedly owned by Mattel which were used to create MGA's Bratz line of dolls, toys, games and videos. These sketches and sculpts are unauthorized copies, or unauthorized derivative works, of the Belair images.

53. Bernard Belair is entitled to disgorgement of all of Mattel's unjust enrichment gained from the Mattel v. MGA litigation.

\
\
\

## DEMAND FOR RELIEF

Plaintiff Bernard Belair demands the following relief:

A. Declaring that MGA and Mattel have infringed Bernard Belair's copyright in the Belair images;

B. Declaring that MGA and Mattel have willfully infringed Bernard Belair's copyright in the Belair images;

C. Permanently enjoining MGA and Mattel, their agents, employees, and other persons acting in concert or participation with MGA or Mattel, from manufacturing, producing, publishing, displaying, distributing, performing or otherwise exploiting any work that infringes Bernard Belair's copyright in the Belair images, or from inducing, aiding, causing or materially contributing to any such infringement;

D. Awarding Bernard Belair at his election, either (i) MGA's and Mattel's profits and Bernard Belair's damages in such amounts as may be found or established at trial pursuant to 17 U.S.C. § 504(b), or (ii) statutory damages in the maximum amount permitted by 17 U.S.C. § 504(c);

E. Awarding Bernard Belair costs in this action including reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

F. Declaring that Mattel was unjustly enriched to Bernard Belair's detriment when the court in the Mattel v. MGA litigation awarded Mattel damages and an injunction based on unauthorized copies or unauthorized derivative works of the Belair images.

G. Ordering Mattel to disgorge all of its unjust enrichment gained from the Mattel v. MGA litigation.

H. Awarding Bernard Belair prejudgment interest according to law; and

I. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., Bernard Belair demands a trial by jury on all issues triable of right by a jury.

Dated: December 9, 2009

DICKSTEIN SHAPIRO LLP

Gerard A. Haddad
Jennifer BianRosa
Joshua P. Jaffe
Dickstein Shapiro LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Plaintiff Bernard Belair