**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Bernard Belair, | 09-cv-08870-SAS |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MATTEL, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| -against- | |
| MGA Entertainment, Inc. and Mattel, Inc., | |
| Defendants. | |

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

INTRODUCTION ........................................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

ARGUMENT ..............................................................................................................................4

I.      BELAIR'S CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST MATTEL
IS CLEARLY TIME BARRED...........................................................................................4

II.     PLAINTIFF ALSO HAS NO EVIDENCE TO SUPPORT HIS CLAIM FOR
UNJUST ENRICHMENT ...................................................................................................6

CONCLUSION...........................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*131 Maine Street Assoc. v. Manko*,
  179 F. Supp. 2d 339 (S.D.N.Y. 2002)................................................................6

*Auscape Int'l v. Nat'l Geographic Soc'y*,
  409 F. Supp. 2d 235 (S.D.N.Y. 2004)................................................................5

*Briarpatch Ltd., LP v. Phoenix Pictures, Inc.*,
  373 F.3d 296 (2d Cir. 2004)................................................................7, 8

*Broadvision Inc. v. Gen. Elec. Co.*,
  2009 WL 1392059 (S.D.N.Y. May 5, 2009) ....................................................5

*Buller v. Giorn*,
  28 A.D. 3d 258, 259 (1st Dept. 2006)................................................................8

*Clarke v. Max Advisors LLC*,
  235 F. Supp. 2d 130 (N.D.N.Y. 2002)................................................................7

*Federal Treasury Enterprise Sojuzplodoimport v. Spirits Intern. N.V.*,
  400 Fed. Appx. 611, 2010 WL 4812972 (2d Cir. 2010)..................................8

*Harris v. Simon & Schuster, Inc.*,
  646 F. Supp. 2d 622 (S.D.N.Y. 2009)................................................................5

*Mattel v. MGA*,
  616 F.3d 904 (9th Cir. 2010) ................................................................4, 7

*In re Merrill Lynch Ltd. P'ships Litig.*,
  154 F.3d 56 (2d Cir. 1998)................................................................5, 6

*Norris v. Grosvenor Marketing*,
  803 F.2d 1281 (2d Cir. 1986)................................................................8

*Stone v. Williams*,
  970 F.2d 1043 (2d Cir. 1992)................................................................6

*Vasquez v. Torres-Negron*,
  2007 WL 2244784 (S.D.N.Y. July 11, 2007)....................................................5

### **Statutes**

17 U.S.C. § 507(b) ................................................................4-5

**<u>Other Authorities</u>**

*New York Civil Practice Law and Rule* §214(4) (McKinney 2003)..............................................8

## MOTION FOR SUMMARY JUDGMENT

Defendant, Mattel, Inc. ("Mattel") respectfully submits this Memorandum of Law in Support of its Motion, pursuant to Federal Rule of Procedure 56, for summary judgment on plaintiffs' claims for copyright infringement and unjust enrichment against Mattel.

## INTRODUCTION

Belair has brought two claims against Mattel, one for alleged copyright infringement and the other for alleged unjust enrichment. Neither of these claims is supportable. Belair's central allegation is that the Bratz dolls infringe his works, but Mattel has never produced or sold the Bratz dolls. While Belair asserts that Mattel infringed his ostensible copyrights when its former employee, Carter Bryant, made drawings for the Bratz dolls that he sold to MGA, any such claim is plainly time-barred as against Mattel. There is no dispute that a three-year statute of limitations applies to this claim. There is no dispute that the claim accrued at the time of the infringement and that no discovery rule applies. Yet Plaintiff has never alleged that *Mattel* – as opposed to MGA – engaged in any alleged acts of copyright infringement after October 20, 2006, three years prior to the date of the suit. Plaintiff's only allegation of infringement by Mattel is that Mr. Bryant, the Mattel employee who left Mattel on October 19, 2000, created infringing works more than a decade ago. Plaintiff's claims as to those works, if he is still pursuing them at all (which is not clear), are time-barred.

Plaintiff presumably will attempt to respond that the fraudulent concealment doctrine entitles him to reach back to this decade-old conduct. It does not. There is literally no evidence that Mattel – unlike MGA – did anything to fraudulently conceal the bases of Bratz. Indeed, the only evidence of fraudulent concealment is by MGA and its CEO, Isaac Larian, who lied about the origins of the Bratz dolls to other courts, the press and the public. But that conduct cannot be

attributed to Mattel – which neither made the statements nor sold Bratz dolls -- and thus in no way can toll the statute of limitations as against Mattel.

Belair's unjust enrichment claim is equally deficient.  While the claim requires proof that Mattel was enriched at Belair's expense (among other things), Belair has never proffered any evidence that even those basic requirements are satisfied.  Moreover, as pleaded, this claim is unavailable under controlling Second Circuit law because an adequate remedy at law exists – Belair's copyright claim -- and is clearly preempted by copyright.

Belair's fight in this case is with MGA.  Summary judgment should be granted in Mattel's favor.

## STATEMENT OF FACTS

The Plaintiff's primary contention in this case is that the Bratz dolls, marketed and sold by MGA, infringe his copyrights in images used in advertisements for Steve Madden shoes from the late 1990's.[1]  Belair contends that each Bratz doll infringes his Steve Madden designs,[2] but those dolls were sold or marketed by MGA, not by Mattel, and Belair does not allege otherwise. As to Mattel, Belair's only allegation of infringement has been that the "sketches and drawings created by Carter Bryant that were the basis for the Bratz line of dolls made during his employment by Mattel" infringe one of Belair's designs.[3]  But there is no dispute that Mr. Bryant left Mattel's employ on October 19, 2000 and has not worked for Mattel since then,[4] so the only

---

[1]   Second Amended Complaint ("SAC"), dated September 23, 2010 (Docket No. 44), at ¶¶ 9, 20, 21.

[2]   Letter to Lisa Simpson from Gerard Haddad, dated June 1, 2011, Zeller Dec. Exh. 1.

[3]   Plaintiff's Responses to Mattel, Inc.'s First Set of Interrogatories (Nos 1-19), dated June 30, 2010, Response to Interrogatory No. 5, Zeller Dec. Exh. 2.

[4]   6/13/08 AM Mattel v. MGA Trial Transcript (Carter Bryant) at 2594:13-19, MGA-BELAIR 0011039-11115, at MGA-BELAIR 0011108, Zeller Dec. Exh. 3.

alleged infringement by Mr. Bryant that could, even in theory, be attributed to Mattel occurred over ten years ago.

Nor, on the undisputed facts in this case, could the statute of limitations as to Mattel be tolled by the doctrine of fraudulent concealment.  While there is ample evidence of false and misleading statements by MGA and Isaac Larian regarding the origins and timing of Bratz, such statements were not made by or are not chargeable to Mattel, and Belair has no evidence that they were.  The only public statements about the origins of Bratz that are attributable to Mattel identified Mr. Bryant as its designer.  In the aftermath of a July 2003 *Wall Street Journal* article that reported that Carter Bryant was the creator of Bratz in mid-2003,[5] Mattel obtained evidence that prompted it to file suit in California in April 2004.  In 2006, Mattel specifically alleged that Mr. Bryant created Bratz while a Mattel employee[6] and filed registrations of Mr. Bryant's Bratz designs with the Copyright Office, again listing Bryant as the author.[7]  And even before that Belair actually considered filing suit based on his suspicions of infringement; there is no evidence that he decided not to sue then based on any concealment by Mattel.[8]

---

[5]   Deposition Exhibit 116, MGA-BELAIR 0018684-87, *Wall Street Journal* article dated 7/18/03, Zeller Dec. Exh. 4.

[6]   Mattel, Inc.'s Motion for Leave to File Amended Complaint in Mattel v. MGA, lodging Mattel, Inc.'s First Amended Complaint, dated November 20, 2006, ¶ 2, Zeller Dec. Exh. 5.

[7]   *See, e.g.,* MGA-BELAIR 0006271-75, copyright registration for Sasha drawing, dated October 30, 2006, Zeller Dec. Exh. 6.  Even before then, back in 2003, MGA had filed registrations for Bryant's Bratz designs, listing Bryant as the author.  *See, e.g.,* MGA-BELAIR 0004138-42, copyright registration for Jade drawing, dated December 22, 2003, Zeller Dec. Exh. 8.

[8]   Deposition Transcript of Bernard Belair ("Belair Depo Tr."), dated May 12, 2011, at 8:5-11:19, 141:13-18, 217:22-218:7, 219:5-10; 219:11-19; 205:23-24; 220:18-19, 224:19-25, 227:2-6, 227:12-228:3, 227:2-11, 229:16-231:6, 228:7-16, 234:23-235:24, 240:15-241:3, 205:23-206:7, Zeller Dec. Exh. 15; Declaration of Bernard Belair In Support Of Belair's Opposition to MGA's Motion For Partial Summary Judgment Concerning the Statue of Limitations, dated September 14, 2010, Docket No. 36, ¶ 4; SAC ¶ 12; Plaintiff's Responses to MGA Entertainment, Inc.'s

As to Belair's claim of unjust enrichment, he alleges that "Mattel was enriched as a result of the Mattel v. MGA litigation when it was awarded damages, an injunction against MGA from selling the Bratz line of dolls, and the transfer of the Bratz business from MGA to Mattel."[9]  As the Court knows, the remedies that Belair references have all now been vacated in the California action,[10] and in any case Belair has never articulated how this alleged enrichment of Mattel was to his detriment or made at his expense.  At one point, Belair also alleged that Mattel was unjustly enriched when "Mattel settled its case against Carter Bryant,"[11] but Belair has never elaborated on that contention and, in any case, it is unsupported.

## ARGUMENT

**I.    BELAIR'S CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST MATTEL IS CLEARLY TIME BARRED**

Belair has no excuse for his delays in filing suit as against Mattel.  The Copyright Act requires infringement to be "commenced within three years after the claim accrue[s]."  17 U.S.C. § 507(b).  Belair has conceded as much.[12]  Belair also "does not dispute that the discovery rule does not apply in copyright actions in New York,"[13] for the reasons first articulated by Judge

---

First Set of Interrogatories (Nos. 1-13), dated August 10, 2010, Response to MGA Interrogatory No. 12, Zeller Dec. Exh. 11.

[9]   Plaintiff's Responses to Mattel, Inc.'s First Set of Interrogatories (Nos 1-19), dated June 30, 2010, Response to Interrogatory No. 17, Zeller Dec. Exh. 2.

[10]   Mattel v. MGA, 616 F.3d 904, 918 (9th Cir. 2010), rehearing denied October 21, 2010, (Docket No. 8359 in case 2:04-cv-09049); *see also* Order Granting Motion for New Trial, dated October 29, 2010 in the Mattel v. MGA matter in California, Zeller Dec. Exh. 9.

[11]   SAC ¶ 69.

[12]   Plaintiff Bernard Belair's Opposition to MGA's Motion For Partial Summary Judgment Concerning the Statue of Limitations, dated September 14, 2010 (Docket No. 34), at 3, footnote 3.

[13]   *Id.*

Kaplan in *Auscape Int'l v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 235, 241 (S.D.N.Y. 2004).[14] Because the discovery rule does not apply, Belair's copyright claim accrued "at the time of infringement, rather than at the time of discovery."  *Harris v. Simon & Schuster, Inc.*, 646 F. Supp. 2d 622, 630 (S.D.N.Y. 2009); *see Vasquez v. Torres-Negron*, 2007 WL2244784 at *9 (S.D.N.Y. July 11, 2007) ("I adopt the date of the infringing activity as the date of accrual for plaintiffs' copyright infringement claims."); *Auscape*, 409 F. Supp. 2d at 244-247.  Because the only allegedly infringing conduct by Mattel -- Carter Bryant's creation of the Bratz designs while a Mattel employee -- occurred more than a decade ago, Belair's claim against Mattel clearly is time barred.

Mattel expects Belair to respond that fraudulent concealment applies to toll his claim and render it timely.  As to Mattel, it does not.  To invoke the doctrine of fraudulent concealment, Belair must "prove three elements: (1) wrongful concealment by [Mattel], (2) which prevented [Plaintiff's] discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim."  *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998) (allegations of concealment failed to justify delay in bringing suit); *see Broadvision Inc. v. Gen. Elec. Co.*, 2009 WL 1392059, *6 (S.D.N.Y. May 5, 2009) (rejecting fraudulent concealment in copyright action).  Belair cannot satisfy these requirements as against Mattel.

In fact, even after amending his complaint specifically to add fraudulent concealment allegations, Belair has identified no evidence that Mattel fraudulently concealed anything; all of his allegations of concealment relate to conduct by MGA, not conduct by Bryant while he was employed by Mattel.  Nor does he have evidence that would permit any such conduct to be

---

[14]   *See also* MGA Entertainment, Inc.'s Motion for Partial Summary Judgment, dated August

chargeable to Mattel.  Belair alleges in his complaint that "on information and belief Mr. Bryant

gave misleading information about *when* he had sketched the Bryant drawings,"[15] but that says

nothing about concealing *what* Bryant's Bratz designs were based on.  Moreover, Belair clearly

was on notice of his claim more than three years before he sued; this notice defeats any argument

for tolling.  *See, e.g., Stone v. Williams,* 970 F.2d 1043, 1048-49 (2d Cir. 1992) ("Plaintiff argues

that the statute of limitations should be tolled due to the fraud perpetrated on her. We agree that

plaintiff's relationship with Williams, Sr. was fraudulently concealed, and the law is clear that

fraudulent concealment of the existence of a cause of action tolls the running of the statute of

limitations.  But such tolling is not indefinite.  It lasts only so long as the fraud is effective.")

(citations omitted); *131 Maine Street Assoc. v. Manko,* 179 F. Supp. 2d 339, 348 (S.D.N.Y.

2002) ("A key aspect of a plaintiff's case alleging fraudulent concealment is therefore proof that

the plaintiff was not previously on notice of the claim he now brings.") (quotation omitted).

And, Belair has not shown the required diligence.  *In re Merrill Lynch Ltd. P'ships Litig.*, 154

F.3d at 60.

## II.    PLAINTIFF ALSO HAS NO EVIDENCE TO SUPPORT HIS CLAIM FOR UNJUST ENRICHMENT

Plaintiff's claim for unjust enrichment against Mattel equally fails.  A claim for unjust

enrichment requires proof that (1) the defendant was enriched, (2) at plaintiff's expense, and (3)

equity and good conscience militate against permitting defendant to retain what plaintiff is

seeking to recover.  *Briarpatch Ltd., LP v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir.

2004; *Clarke v. Max Advisors LLC*, 235 F. Supp. 2d 130, 148 (N.D.N.Y. 2002) ("To show unjust

---

24, 2010 (Docket No. 26) at 3-9.

[15]    SAC ¶ 42 (italics added), Docket No. 44.

enrichment, plaintiffs must show that *they* confer the benefit upon the defendants without adequate compensation.") (italics added).  Belair has not met any of these elements.

In particular, he has not shown that Mattel was enriched at all, and he has not shown that he conferred any benefits upon Mattel (and certainly no benefits that "equity and good conscience" require be returned to him).  The only allegations of benefits Belair even makes in his interrogatory responses are allegations of benefits allegedly attained by Mattel following its first trial against MGA in the California action in 2008.[16]  The orders conferring those alleged benefits have all been vacated, leaving Belair without an even arguable basis for his claim.[17]  Moreover, Belair has never explained how *he* conferred these benefits on Mattel or how they were obtained at *his* expense, as required to state a claim.

The unjust enrichment claim independently fails because it is an equitable claim that is unavailable where an adequate remedy at law exists -- and such remedy exists here in the form of the copyright infringement claim.  *See Federal Treasury Enterprise Sojuzplodoimport v. Spirits Intern. N.V.*, 400 Fed. Appx. 611, 2010 WL 4812972, at *2 (2d Cir. 2010) ("Unjust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists.") (citing *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 262 (2d Cir. 2002)).  Permitting Belair to proceed on an unjust enrichment theory where the copyright claim is time barred would allow Belair to evade the statute of limitations applicable to the copyright infringement claim, which the law forbids.  *See Norris v. Grosvenor Marketing*, 803 F.2d 1281, 1287 (2d Cir. 1986) ("An

---

[16]  Plaintiff's Responses to Mattel, Inc.'s First Set of Interrogatories (Nos 1-19), dated June 30, 2010, Response to Interrogatory No. 17, Zeller Dec. Exh. 2.

[17]  Mattel v. MGA, 616 F.3d 904, 918 (9th Cir. 2010), rehearing denied October 21, 2010, (Docket No. 8359 in case 2:04-cv-09049); Order Granting Motion for New Trial; Denying Renewed Motion to Unseal Juror Interview Transcripts, dated October 29, 2010 (Docket No. 9021 in case 2:04-cv-09049), Zeller Dec. Exh. 9.

equitable claim cannot proceed where the plaintiff has had and let pass an adequate alternative remedy at law."); *see also Buller v. Giorn*, 28 A.D. 3d 258, 259 (1st Dept. 2006); *New York Civil Practice Law and Rule* §214(4) (McKinney 2003.)  Indeed, the unjust enrichment claim appears to be simply a restating of Belair's copyright claim against Mattel; the only alleged misconduct by Mattel directed at Belair is Mattel's alleged copyright infringement.  Therefore, Belair's claim for unjust enrichment, as stated, is also preempted by the Copyright Act.  *See Briarpatch*, 373 F.3d at 306 ("To satisfy the first element of unjust enrichment, plaintiffs also allege that Phoenix was enriched by its act. While enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim.").

Summary judgment should be granted to Mattel on Belair's unjust enrichment claim.

## CONCLUSION

For the foregoing reasons, Mattel respectfully respects that the Court grant it summary judgment as to each of claims against Mattel in Belair's complaint.

DATED:   July 18, 2011
         Los Angeles, California

                              QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP


                              By:   /s/ Michael T. Zeller
                                    Michael T. Zeller (MZ-5244)
                                    Tamar Buchakjian (*pro hac vice*)
                                    michaelzeller@quinnemanuel.com
                                    tamarbuchakjian@quinnemanuel.com

                              865 S. Figueroa Street, 10th Floor
                              Los Angeles, California  90017
                              Telephone:  (213) 443-3000
                              Facsimile:  (213) 443-3100

                              51 Madison Avenue, 22nd Floor
                              New York, New York  10010
                              Telephone:  (212) 849-7000
                              Facsimile:  (212) 849-7100

                              *Attorneys for Defendant Mattel, Inc.*