UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
BERNARD BELAIR, :
: **MEMORANDUM OPINION**
Plaintiff, : **AND ORDER**
:
- against - : 09 Civ. 8870 (SAS)
:
MGA ENTERTAINMENT, INC., :
and MATTEL, INC., :
:
Defendants. :
------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:



I. BACKGROUND

Judgment in favor of defendant MGA Entertainment, Inc. ("MGA") was entered in this case on November 16, 2011.[1] On December 11, 2011 this Court entered an Order providing that MGA "shall serve its request to tax costs pursuant to Local Rule 54.1(a) within 21 days after the entry of this Court's order deciding MGA's motion for determination of plaintiff Bernard Belair's liability for attorneys' fees and costs under 17 U.S.C. § 505."[2] On December 16, 2011 plaintiff filed his notice of appeal. On May 10, 2012 ("May 10 Decision") this Court

---

[1] *See* Docket Entry #89.

[2] Docket Entry #94.

denied defendants' motion for an award of fees and costs.[3] On May 31, 2012 MGA attempted to file its bill of costs with the Clerk of the Court, but this attempt was rejected because the case was on appeal. On December 20, 2012, the mandate of the Court of Appeals issued denying plaintiff's appeal and affirming judgment in favor of defendants.[4] On January 15, 2013 MGA submitted its bill of costs. On January 29, 2013 counsel for plaintiff wrote a letter to the Clerk of the Court opposing MGA's request for a bill of costs. Plaintiff's counsel also submitted a Declaration in Opposition to Defendant MGA's Bill of Costs. On January 30, 2013, the Clerk of the Court taxed costs in the amount of $5,911.25 in favor of MGA.[5] The taxed costs were made up solely of "deposition transcripts for summary judgment."[6]

By letter dated February 6, 2013, Belair wrote a letter to this Court objecting to the Bill of Costs. MGA responded with a letter dated February 7, 2013. In its letter, Belair asserts that this Court had already denied MGA's request

---

[3] *See Belair v. MGA Entertainment, Inc.*, No. 09 Civ. 8870, 2012 WL 1656969, at *1 (S.D.N.Y. May 10, 2012).

[4] *See* Docket Entry #104.

[5] *See* Docket Entry #106.

[6] *Id.*

for costs in its May 10 decision denying MGA's motion for fees and costs.[7] As a fallback argument, Belair asserts that costs may only be awarded for a deposition transcript that was actually cited by the Court in its summary judgment decision, but not for deposition transcripts that were submitted as exhibits by the parties in briefing the motion but that were not cited by the court in its decision.[8] Finally, Belair asserts that Rule 54(d) permits a court to consider the difficulty of the issues raised in a litigation or the losing party's limited financial resources.[9]

MGA disputes each of these propositions.[10] It asserts that the Court specifically set a date for the submission of a Bill of Costs, thereby indicating that it had not already decided the issue. MGA also notes that all depositions submitted by the parties on a motion for summary judgment are taxable costs, whether or not cited in the court's opinion. Finally, MGA argues that Belair has not sufficiently established that he is unable to pay the costs taxed by the Clerk.

---

[7] *See* February 6, 2013 letter from Gerard A. Haddad, counsel to Belair, to the Court ("2/6/13 Haddad Ltr.") at 1-2.

[8] *See id.* at 3 (citing *Whitfield v. Scully*, 241 F.3d 264, 271 (2d Cir. 2011)).

[9] Rule 54(d) contains no such language. However, Belair is relying on *Whitfield*, and the cases cited therein, for this proposition. *See* 2/6/13 Haddad Ltr. at 3.

[10] *See generally* February 7, 2013 letter from Jordan Feirman, counsel to MGA, to the Court.

## II. DISCUSSION

The Court is responsible for creating some of this confusion. In its May 10 Opinion denying fees and costs, the Court stated "MGA now moves for an award of attorneys' fees and costs pursuant to Section 505 of Title 17 of the United States Code ('Section 505') and Rule 54(d) of the Federal Rules of Civil Procedure. For the reasons discussed below, MGA's motion is denied."[11] Indeed, MGA cited to Rule 54(d) in its moving papers.[12] Many months prior to its May 10 Order, but two weeks after MGA filed its motion for fees and costs, this Court instructed that defendant should file its Bill of Costs 21 days after this Court's decision on MGA's pending motion for attorneys' fees and costs. In retrospect, the two orders sewed confusion. MGA had cited Rule 54(d) in its motion, and the court ruled that fees *and costs* were denied under both the Copyright Act and Rule 54(d). As a result, there was no need to file a further Bill of Costs under Rule 54(d).

Assuming, however, that MGA believed it was entitled to file a Bill of Costs pursuant to the Court's December 11 Order, I will rule on all of the remaining issues surrounding that Bill of Costs. I first note that "[a] district court

---

[11]  *Belair*, 2012 WL 1656969, at *1.

[12]  *See* MGA's Memorandum of Law in Support of Its Motion for Attorneys' Fees, Docket #91 at 8.

reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself."[13]  Thus, this Court has the discretion to grant or deny costs. Second, there is no question that Rule 54 permits the award of costs for all depositions submitted on a motion for summary judgment whether or not such depositions are cited in the court's opinion deciding the motion.[14]  Finally, there are no particular requirements for establishing what some might term defenses to an award of costs.  The burden to prove such defenses rests on the losing party, because costs are awarded to the prevailing party as a matter of course.  Reasons for denying an award of costs may include "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources."[15]

I now exercise my discretion to deny the Bill of Costs in its entirety.  I first note that I already decided to deny fees and costs in my May 10 Opinion.  At the time of the December 11 Order permitting MGA to move for a Bill of Costs after a decision on the pending motion for fees and costs, the outcome of that

---

[13]   *Whitfield*, 241 F.3d at 269 (quotation marks and citations omitted).

[14]   *See id.* at 272.

[15]   *Id.* at 269 (citing *Association of Mexican Am. Educators v. California*, 231 F.3d 572, 592-93 & n. 15 (9th Cir.2000) (en banc); *Cantrell v. International Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir.1995) (en banc)).

decision was not yet known. After the May 10 Opinion was issued, however, MGA should have realized that the Court had, in fact, decided not to award costs under Rule 54. For the same reasons that I denied MGA's motion for fees and costs before, I again exercise my discretion to deny an award of costs. The issues litigated were difficult and of some public importance, and I am satisfied that Belair has sufficiently established his limited resources to pay a bill of costs. For these reasons, the Bill of Costs awarded by the Clerk is vacated, and no costs are awarded against Belair.

### III. CONCLUSION

For the reasons stated above, the Clerk of the Court is directed to vacate the Bill of Costs awarded against Belair (Docket No. 106).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 11, 2013

## - Appearances -

**For Plaintiff:**

Gerard Albert Haddad, Esq.
Jennifer Lynn Bianrosa, Esq.
Joshua Paul Jaffe, Esq.
Dickstein Shapiro LLP
1622 Broadway
New York, NY 10019
(212) 277-6500

**For Defendant:**

Kenneth Alan Plevan, Esq.
Jordan Adam Feirman, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square, 42nd Floor
New York, NY 10036
(212) 735-3000